23-375-cv
Phillips v. Fashion Inst. of Tech.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

PRESENT:  GUIDO CALABRESI,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*

------------------------------------------------------------------

MARJORIE PHILLIPS,

     *Plaintiff-Appellant*,

    v.                                          No. 23-375-cv

FASHION INSTITUTE OF
TECHNOLOGY, MARY DAVIS,
MARILYN BARTON,

     *Defendants-Appellees*.

------------------------------------------------------------------

1

FOR APPELLANT:                        DEREK S. SELLS, The Cochran
                                      Firm, New York, NY

FOR APPELLEE FASHION                  TARA E. DAUB, Nixon Peabody
INSTITUTE OF TECHNOLOGY:              LLP, Melville, NY

FOR APPELLEE MARY DAVIS:              ROBERT B. WEISSMAN, Saretsky
                                      Katz & Dranoff, LLP,
                                      Elmsford, NY

FOR APPELLEE MARILYN BARTON:          BRUCE E. MENKEN, Menken
                                      Simpson & Rozger LLP, New
                                      York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED in part,

VACATED in part, and the case is REMANDED for further proceedings

consistent with this order.

Plaintiff Marjorie Phillips appeals from a judgment of the United States

District Court for the Southern District of New York (Daniels, *J.*) granting

summary judgment in favor of Defendants. Phillips, a Black woman, brought

employment discrimination and retaliation claims under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 ("Section 1981"),

2

New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* ("NYSHRL"),[1] and

New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1)

("NYCHRL") against her employer, the Fashion Institute of Technology ("FIT"),

her supervisor, Mary Davis, and her coworker and officemate, Marilyn Barton.[2]

We assume the parties' familiarity with the underlying facts and the record of

prior proceedings, to which we refer only as necessary to explain our decision to

affirm in part, vacate in part, and remand for further proceedings.

## BACKGROUND

Phillips has worked at FIT since 1995.  In 2017 Phillips approached her

supervisor, Davis, about getting a promotion, or "upgrade."  Phillips and Davis

agreed that Phillips would discuss possible new job titles with FIT's Human

Resources office.  Phillips did so but failed to follow up with Davis about

finalizing the upgrade and thus never received it.

---

[1] New York amended the NYSHRL in October 2019, five months after Phillips's retaliation claims accrued.  Because the prior version of the NYSHRL was in effect when Phillips's claims accrued, we will apply that version.  *See Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998) ("It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it.").

[2] Phillips brought additional claims before the District Court that she has abandoned on appeal.

On March 23, 2018, Phillips filed an internal complaint with FIT's Affirmative Action Office alleging race-based discriminatory harassment. The complaint alleged, among other things, that she heard Barton make a racially insensitive comment to a White student aide in November 2016. The Affirmative Action Office began investigating Phillips's complaint about three weeks later. The Office issued its final report on October 7, 2019, concluding that, "[b]ased on . . . the evidence and the context and circumstances of the incident occurring in November 2016," it could not "substantiate the complaint of discriminatory harassment" by Barton. Supp. App'x 211.

On May 16, 2019, while Phillips's internal complaint was still pending, Barton and Phillips got into an argument after Phillips expressed disapproval of Barton's handling of a student request. Barton repeatedly screamed at Phillips "I'll fucking kill you." App'x 123. According to Phillips, Barton was "foaming at the mouth," and she approached Phillips and put her hands on Phillips's chest as if to push her. App'x 123. Phillips reported the incident to Human Resources, and Barton was suspended a week later pending an investigation.

On August 12, 2019, Phillips filed a charge of discrimination with the Equal Employment Opportunity Commission, raising only Barton's May 2019 threats to kill her. After receiving a right-to-sue letter, she filed this lawsuit on

4

January 17, 2020. The District Court ultimately granted the Defendants' motion for summary judgment on all of Phillips's claims.

## DISCUSSION

We review the District Court's grant of summary judgment *de novo. Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023). On appeal, Phillips pursues her discrimination and retaliation claims under Title VII against FIT, under Section 1981 against all the Defendants, and under the NYSHRL and NYCHRL against Barton and Davis individually.

## I. Barton's May 2019 Threats Against Phillips

Phillips argues that Barton's May 2019 threats to kill her created both a discriminatory and a retaliatory hostile work environment.

### A. Discriminatory Hostile Work Environment

To make out a *prima facie* discriminatory hostile work environment claim under Title VII, Section 1981, and the NYSHRL, Phillips must "produce evidence that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Williams v. N.Y.C. Hous. Auth.*, 61 F.4th 55, 68 (2d Cir. 2023) (quotation marks omitted). Under the NYCHRL, Phillips need only show

5

that she was treated "less well than other employees, at least in part for a discriminatory reason." *Id.* at 69 (quotation marks omitted).

The District Court did not err in dismissing Phillips's discriminatory hostile work environment claims against all parties arising from the May 2019 incident. Phillips adduced no evidence that Barton's threats were motivated, even in part, by racial discrimination. The threats were facially race-neutral, for example, and Phillips's only evidence to support her claim of racial discrimination is her testimony that she had "never seen [Barton] act that way with a white person." Appellant's Br. 36. Phillips's speculation about Barton's motivation does not raise a genuine dispute of fact that defeats summary judgment. *See Tassy v. Buttigieg*, 51 F.4th 521, 534 (2d Cir. 2022).

## B. Retaliatory Hostile Work Environment

### 1. The Claims Against Barton

We conclude that the District Court erred in dismissing Phillips's retaliatory hostile work environment claims against Barton arising from the May 2019 incident. To support a *prima facie* retaliatory hostile work environment claim against a coworker under Section 1981 and the NYSHRL, Phillips must show that "(1) she engaged in protected activity, (2) [Barton] was aware of that activity, (3) [Phillips] was subjected to a retaliatory action, or a series of

6

retaliatory actions, that were materially adverse, and (4) there was a causal connection between the protected activity and the materially adverse action or actions." *Carr v. N.Y.C. Transit Auth.*, 76 F.4th 172, 180 (2d Cir. 2023); *see Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 25 n.8 (2d Cir. 2014) (noting that federal and NYSHRL retaliation claims share the same standard); *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) ("[I]ndividuals may be held liable under §[] 1981 . . . for certain types of discriminatory acts, including those giving rise to a hostile work environment.").

First, Phillips's Affirmative Action complaint is protected activity because she had a "good faith, reasonable belief" that the racially insensitive comments about which she complained amounted to an unlawful employment practice, namely, a discriminatory hostile work environment. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 n.8 (2d Cir. 2010). Second, it is undisputed that Barton was aware that Phillips filed the Affirmative Action complaint. Third, the parties dispute whether Barton's threats were "materially adverse," that is, whether they "'well might have dissuaded a reasonable worker from'" engaging in protected activity. *Carr*, 76 F.4th at 179–80 (quoting *Burlington N. & Santa Fe*

*Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).[3]  A single incident may constitute a hostile work environment, and thus a materially adverse action, if it is "extraordinarily severe."  *Williams*, 61 F.4th at 69; *see also Banks v. Gen. Motors, LLC*, 81 F.4th 242, 263–64 (2d Cir. 2023).  Here, Phillips testified that Barton threatened to kill her, cursed repeatedly at her, and physically intimidated her.  Indeed, Barton testified at her deposition that she repeatedly threatened "to kill" Phillips because saying it once "evidently . . . didn't scare [Phillips] enough; because she kept talking and so [Barton] said it again."  App'x 491.  A reasonable juror could find that this type of threatening behavior by a coworker with whom Phillips shared an office might well dissuade a reasonable employee from filing a complaint.  Fourth, Phillips provided admissible evidence that Barton's threats were motivated by retaliatory animus.  During her interview with Human Resources, Barton acknowledged that Phillips's disapproval was the "last straw" after Phillips had "complained about [Barton], it went up to Affirmative Action and there is still no resolution."  App'x 64.  This is some evidence that Barton's threats were motivated at least in part by her desire to retaliate against Phillips for filing the initial discrimination complaint.  *See Banks*, 81 F.4th at 277.

---

[3] Under *Burlington Northern*, "the definition of 'adverse action' in the . . . antiretaliation context is broader than in the antidiscrimination context."  *Carr*, 76 F.4th at 179.

8

As Phillips has established a *prima facie* claim for retaliatory hostile work environment, the burden shifts to Barton to provide a legitimate, non-retaliatory reason for her threatening Phillips. *See Carr*, 76 F.4th at 178. Barton provides no legitimate explanation for her behavior, but even if she had, Phillips has satisfied her burden at this stage to provide some evidence that "the desire to retaliate was the but-for cause of the challenged employment action." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (quotation marks omitted); *see Banks*, 81 F.4th at 275 (noting that there can be more than one "but-for cause" of an adverse employment action).

Under the NYCHRL, Phillips need only show that Barton's threats against Phillips were "reasonably likely to deter" her from opposing discrimination in the workplace. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013). As she has met the standard for her federal and NYSHRL claims, she necessarily meets the standard for her claim under the NYCHRL. Accordingly, the District Court erred in granting Barton's motion for summary judgment on Phillips's retaliatory hostile work environment claims under federal, state, and local law.

### 2. The Claims Against FIT

Because the District Court dismissed Phillips's retaliation claims against FIT on the ground that she failed to adduce evidence of a materially adverse action, it understandably did not address whether Phillips could impute liability to FIT based on Barton's threats. We nevertheless affirm the District Court's dismissal of the retaliatory hostile work environment claims against FIT because liability cannot be imputed to FIT on this record. *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022).

Phillips contends that FIT was negligent because its delay in completing the investigation of her Affirmative Action complaint permitted Barton's subsequent threats against Phillips. "Where the harassment was done by a co-employee without supervisory authority over the plaintiff, liability will be imputed to the employer only if it is negligent, that is, if it either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 136 (2d Cir. 2001) (quotation marks omitted).

FIT's delay in concluding its investigation, however, is not evidence that FIT knew about Barton's harassment "but did nothing about it." The harassment Phillips raised in her Affirmative Action complaint concerned allegedly racist comments Barton made, none of which suggested that Barton posed a physical

10

threat to Phillips. But the harassment for which Phillips seeks to impute liability to FIT involves Barton's repeated threats to kill Phillips. Phillips does not point to any evidence in the record to suggest that FIT was warned that Barton might pose a physical threat to Phillips or anyone else. *See id.* at 136–37 ("[L]ess grave conduct, such as . . . flirtation, sexual innuendo, or crude talk, . . . might . . . not reasonably give notice of a likelihood that the person will represent a danger to co-employees."). Accordingly, the District Court did not err in granting summary judgment to FIT on Phillips's retaliatory hostile work environment claims.

## II.    Failure to Upgrade

We conclude that the District Court did not err in dismissing Phillips's discrimination and retaliation claims against FIT and Davis based on FIT's failure to give her an upgrade because Phillips does not show that the lack of an upgrade was an adverse action, *see Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015); that it was reasonably likely to deter her from engaging in protected activity, *see Carr*, 76 F.4th at 178–79; or that she was treated "less well" for discriminatory or retaliatory reasons, *Mihalik*, 715 F.3d at 110. Based on our review of the record, the evidence shows only that Phillips's inaction and failure to follow up with Davis explains her lack of an upgrade. Neither Davis

11

nor FIT took or failed to take any action that prevented Phillips from getting the upgrade.

Accordingly, we hold that the District Court did not err in granting summary judgment on all Phillips's claims against FIT and Davis and on Phillips's discrimination claims against Barton, but we vacate the District Court's grant of summary judgment on Phillips's Section 1981, NYSHRL, and NYCHRL retaliation claims against Barton.

## CONCLUSION

We have considered Phillips's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court